UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 07-379-JBC

WILLIE M. WOODBY,                                                             PLAINTIFF,

V.                     **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                  DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of his application for Disability Insurance Benefits and Supplemental Security Income (DE 12, 13). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

I. Overview of the Process

Judicial review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court

does not try the case de novo or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 - the step at which the burden of proof shifts to the Commissioner - the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

## II. The ALJ's Determination

The plaintiff is a forty-nine-year-old male with a high-school education and prior work experience, primarily as a maintenance worker. AR 71, 78, 81. He alleges disability beginning on June 15, 2003, as a result of back pain, severe headaches, an alleged stroke, high cholesterol, and short-term memory loss. AR 77. The plaintiff filed his current claim for Supplemental Security Income ("SSI")

and Disability Insurance Benefits ("DIB") on August 15, 2005, which was denied initially and on reconsideration.  AR 13.  On March 13, 2007, Administrative Law Judge ("ALJ") James P. Alderisio determined that the plaintiff did not suffer from a disability as defined by the Social Security Act.  At Step 1, the ALJ determined that the plaintiff had not engaged in substantial gainful activity.  AR 15.  At Step 2, the ALJ found the plaintiff's mild degenerative disc disease of L3 and L4, high cholesterol, and adjustment disorder were severe impairments.  AR 16.  At Step 3, the ALJ determined the plaintiff's impairments did not meet or equal a listing in the Listing of Impairments.  AR 17.  At Step 4, the ALJ found that in light of the plaintiff's residual functional capacity ("RFC"), he was able to perform his past relevant work as a janitor.  AR 21.  Although this determination resulted in denial of the plaintiff's claim, the ALJ proceeded to Step 5 and found additional jobs existed in a significant number in the national economy that the plaintiff could perform.  AR 22.  The Appeals Court denied the plaintiff's request for review, and the plaintiff commenced this action.  AR 6.

**III. Legal Analysis**

Though the plaintiff's impairments could reasonably be expected to produce some of the alleged symptoms, the ALJ found the plaintiff's statements concerning the intensity, duration, and limiting effects of his symptoms were not entirely credible.  The plaintiff argues that the ALJ erred in this determination, and his RFC finding thus is not supported by substantial evidence.

The Commissioner is required to consider all of a claimant's symptoms,

including pain, in determining whether he is disabled.  20 C.F.R § 404.1529(a).  Before these symptoms will lead to a finding of disability, however, medical signs must exist which show the claimant has an impairment which could reasonably be expected to produce the symptoms alleged.  20 C.F.R. § 404.1529(b).  When such medical signs are present, the Commissioner must then evaluate how the intensity and persistence of the symptoms affect the claimant's ability to work.  20 C.F.R. § 404.1529(c); *see also Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994) (citing *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)).  In performing this inquiry, the ALJ must consider the objective medical evidence, evidence of the claimant's daily activities, the frequency and intensity of the claimant's pain, any precipitating or aggravating factors, any medications taken to alleviate the pain, and any other measures taken to remedy the claimant's pain. *See Felisky*, 35 F.3d at 1039-40; 20 C.F.R. § 404.1529(c)(3).  Although an ALJ's credibility findings are to be accorded significant deference, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

    The ALJ found that the plaintiff's impairments could reasonably be expected to produce some of the alleged symptoms, but then found that the plaintiff's statements concerning the intensity, duration and limiting effects of his symptoms were not entirely credible.  AR 20.  According to the ALJ, the plaintiff has the RFC to perform the exertional and nonexertional demands of medium work except those which require lifting and carrying more than 50 pounds occasionally or 25 pounds

frequently; sitting, standing or walking more than 6 hours each out of an 8-hour day; not more than occasional reaching with the non-dominant left hand; no exposure to hazardous material or unprotected heights; and no more than simple 1-2 step instructions. AR 19.

Substantial evidence from the record supports the ALJ's determination. Although initially reporting that he was unable to dress himself, the plaintiff later testified that he could do so. AR 98, 107, 700. The plaintiff also reported that he is able to take care of his personal grooming, take care of his dog, and drive his wife to work and his son to school and pick them up. AR 97, 316, 700. Likewise, the plaintiff reported not liking being around people and being nervous; however, he visits with relatives, and attends church, and he demonstrated no abnormal social behaviors during the hearing. AR 18, 101-02. The ALJ found that there was no evidence in the record that the plaintiff could not follow simple one- or two-step instructions, and the plaintiff demonstrated his ability to complete simple one- and two-step instructions by understanding the hearing procedures and line of questioning. AR 18.

Additionally, although the plaintiff may have some level of musculoskeletal discomfort, the plaintiff's treatment has been conservative with no referrals for surgery or other aggressive measures. AR 20. The plaintiff has alleged severe headaches since age ten, yet the ALJ found evidence of only occasional complaints of headaches, which have not limited his normal activities. AR 20, 376. There is no substantiation in the medical evidence of plaintiff's allegation of suffering from a

stroke. AR 20, 77, 376. Furthermore, plaintiff's elevated cholesterol level has been controlled by diet and medication. AR 112. In spite of plaintiff's allegations of limiting pain, he is taking no narcotic-based pain-relieving medications. AR 20. Moreover, none of the plaintiff's treating or examining physicians have characterized him as "disabled" or assigned any limitations on his ability to function. AR 20.

The ALJ's assessment of the plaintiff's credibility and pain was based on substantial evidence, including the ALJ's assessment of the plaintiff's testimony, his daily activities, and the medical record; therefore, the court will not disturb it.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 12) is **DENIED**.

Signed on   December 7, 2008



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY